**Abatement Order filed April 16, 2020.**



**In The**

# Fourteenth Court of Appeals
———————

**NO. 14-20-00004-CV**
———————

**NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD., D/B/A NORTH CYPRESS MEDICAL CENTER AND DR. OZOCHUKWU ODILI, Appellants**

**V.**

**RANDY WHITE, Appellee**

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2019-14054**

## ABATEMENT ORDER

The reporter's record in this case was due **January 13, 2020**. *See* Tex. R. App. P. 35.1. The record was not filed. We have issued **three** orders to **Amanda King**, the court reporter, to file the record. The last order directed Amanda King to file the reporter's record by April 6, 2020. **No communication from Amanda King has been received**.

Our order of March 5, 2020 instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. The trial and appellate courts are

jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the **189th District Court** to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record before the date set for the hearing, the appeal will be reinstated, and the trial court need not hold a hearing.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Spain.